ROBERT DAVIS *vs.* ISRAEL KESSLER.

Middlesex.    February 9, 1950. — April 27, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Broker*, Commission.

Evidence warranted a finding that a real estate broker employed by an owner of land earned a commission upon producing a prospective purchaser whose offer the owner accepted, although the prospective purchaser in fact was acting for a corporation and intended that it should take title and execute a note and mortgage of the property which by the agreed terms were to be given to the owner as part of the purchase price.

CONTRACT. Writ in the Superior Court dated November 14, 1946.

The action was tried before *Swift*, J.

*H. Bergson*, for the defendant.

*A. W. Parker*, (*S. H. Rudman* with him,) for the plaintiff.

LUMMUS, J. This is an action of contract by a real estate broker to recover a commission for procuring a customer for real estate in Boston owned by the defendant. At the conclusion of the evidence the defendant moved for a directed verdict in his favor, but the judge denied the motion subject to his exception. The jury returned a verdict for the plaintiff.

The following is a summary of the evidence. In April, 1946, the defendant asked the plaintiff to find a customer for the defendant's garage, two story building and four stores. The defendant gave the price as $100,000, $35,000 to be in cash and the remainder in a mortgage. The defendant said, "You get a customer, I will pay you commission, what is coming to you." After some efforts, the

plaintiff showed the property to one Maurice Galer. On July 11, 1946, he introduced Galer to the defendant. After considerable negotiation, about August 1, 1946, Galer offered $96,000, $35,000 to be in cash, and the remainder in a mortgage, payable in ten years at four per cent interest, with $2,000 payable annually on the principal. The defendant orally accepted the offer, but said that the matter must wait until after Labor Day, when the defendant's wife, in whom the title stood, would be back from Mexico. The jury could find that the agreement was not intended to remain tentative until a written contract should be signed.

The defendant did not restrict the sale to individuals or corporations, nor did he include in his terms any requirement as to the signer of the mortgage note. The mortgage was to be for only about sixty-three per cent of the purchase price, and the personality of the mortgagor was therefore of minor importance. The proposed mortgage would compare not unfavorably with mortgages in which savings banks are permitted to invest by G. L. (Ter. Ed.) c. 168, § 54, as amended.

It is true that in a late stage of the negotiations, after the parties had agreed on the terms on which a customer was to be obtained, the plaintiff told the defendant that Galer was a very rich man and would sign the mortgage note. But the jury could find that this did not change the original terms which the defendant stated to the plaintiff. In fact Galer was buying for a corporation in which he was interested, and intended to have the corporation sign the mortgage note. There was evidence that the corporation was able, ready and willing to carry out the oral bargain, but that the defendant refused. *Seigel* v. *Cambridge-Wendell Realty Co.* 323 Mass. 598.

In fact the defendant sold the property to one of his tenants for $98,500, and paid no broker's commission, using Galer's offer to increase the price.

We think there was evidence that the plaintiff earned a commission.                                           *Exceptions overruled.*